UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN GARCIA,

            Plaintiff,

    v.

COURTESY FORD, INC. (d/b/a COURTESY AUTO GROUP),

            Defendant.

Case No. C06-855RSL

ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

This matter comes before the Court on "Defendant's Motion for Case Reassignment to Tacoma Division" (Dkt. # 9). In its motion, defendant Courtesy Ford argues that the local rules and convenience factors require that the case be transferred to the Tacoma Division of the Western District of Washington. Plaintiff Susan Garcia opposes the transfer on the grounds of state law and convenience factors.[1]

---

[1] Although plaintiff's opposition was late and unaccompanied by a motion for relief from deadline, the Court considered its arguments. The opposition to a motion noted for a Friday is due on the Monday prior, with few exceptions. Local Rule CR 7. Plaintiff must strictly abide

ORDER DENYING DEFENDANT'S
MOTION TO TRANSFER VENUE - 1

Defendant argues that this Court must transfer venue to the Tacoma division because defendant Courtesy Ford and its officers reside only in Jefferson and Kitsap County, and plaintiff was employed in Pierce County. The relevant local rule states that:

> In all civil cases in which all defendants reside, or in which the claim arose, in the counties of [Jefferson, Kitsap and Pierce, among others], the case file will be maintained in Tacoma. The same criteria as set out above shall be used to determine the location of the file when cases are removed from state courts.

Local Rule CR 5(e)(1). Under defendant's interpretation of the local rule, the county where the state claim originally was filed is irrelevant to the determination of the appropriate division in the Western District of Washington to try the action: If defendants reside in Tacoma-division counties, and plaintiff's claim arises from acts within a Tacoma-division county, then the action must be tried in the Tacoma division.

This argument lacks merit because federal law does not distinguish between divisions in a district for the purpose of determining the residence of a corporation. See 28 U.S.C. § 1391 ("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."); see also England v. ITT Thompson Indus., Inc., 856 F.2d 1518 (11th Cir. 1988) (declining to distinguish between divisions in a single district). Thus, the defendant corporation resides in the entire Western District of Washington.

Moreover, defendant's interpretation of the local rule conflicts with federal statute. Plaintiff brought her action in King County and defendant removed the action to this Court. 28 U.S.C. § 1441. Venue is therefore governed by the provisions of the removal statute:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district *and division* embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added); see also Polizzi v. Cowles Magazines, Inc.

---

by the local rules to avoid future sanctions.

ORDER DENYING DEFENDANT'S
MOTION TO TRANSFER VENUE - 2

345 U.S. 663, 665-66 (1953) (distinguishing venue for removing actions from venue for bringing actions). Because the Seattle division "embraces" King County, venue is properly before this Court.

Although venue is governed by § 1441(a), defendant may now seek a discretionary transfer. 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); see also PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65 (2d Cir. 1998) ("A party may nonetheless request a discretionary transfer to a more convenient district court forum under the transfer provision."). This requires the Court to engage in the standard discretionary transfer analysis.

A transfer of venue under § 1404 seeks to "avoid the disruption, expense, and inconvenience parties must suffer by having the trial in an improper forum." Pac. Car & Foundry Co. v. Pence, 403 F.2d 949, 952 (9th Cir. 1968). The Court weighs the following factors in assessing a motion to transfer venue:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). Considering the factors that are relevant to an intra-district transfer, the Court holds that the motion to transfer venue must be denied.

In an intra-district transfer, where forum issues are largely irrelevant, the venue analysis must focus on access to evidence and the convenience of the parties and witnesses. The parties appear to have equally strong individual arguments for their respective proposed venues. However, plaintiff persuasively argues that many of the non-party witnesses will be located in the Seattle area, including her physicians and an economic loss expert. Defendants do not

ORDER DENYING DEFENDANT'S
MOTION TO TRANSFER VENUE - 3

1 address this issue. This factor weighs in favor of keeping the case in the Seattle division.

2 For these reasons, "Defendant's Motion for Case Reassignment to Tacoma Division"
3 (Dkt. # 9) is DENIED.

DATED this 22nd day of August, 2006.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANT'S
MOTION TO TRANSFER VENUE - 4