1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN GARCIA,

        Plaintiff,

    v.

COURTESY FORD, INC.,

        Defendant.

Case No. C06-855RSL

ORDER GRANTING LEAVE TO
AMEND COMPLAINT

       This matter comes before the Court on "Plaintiff's Motion for Relief From Deadline To

Join Additional Parties" (Dkt. #33).  Plaintiff seeks leave to file an amended complaint in order

to add an additional party defendant, Gig Harbor Ford, Inc..  Defendant argues that leave should

be denied because plaintiff has failed to establish good cause for her failure to add additional

parties prior to the Court's deadline.  For the reasons discussed below, plaintiff's motion for

leave to file an amended complaint is granted.

       On July 11, 2006, the Court entered a scheduling order setting August 8, 2006 as the

deadline for "joining additional parties" and November 8, 2006 as the deadline for "amending

pleadings" (Dkt. #10).  Once a court has entered a pretrial scheduling order establishing a

timetable for the amendment of pleadings, Federal Rule of Civil Procedure 16(b) governs.

1    Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Under Rule

2    16(b), a plaintiff must show good cause for failing to amend the complaint before the deadline

3    specified in the scheduling order.  Id.  Unlike Rule 15(a)'s more liberal standard that looks

4    primarily to the bad faith of the moving party and the prejudice to the opposing party, "[t]his

5    standard 'primarily considers the diligence of the party seeking the amendment.'"  Coleman v.

6    Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (quoting Johnson, 975 F.2d at 609).

7    While prejudice to the party opposing the modification might provide additional reasons for

8    denying the motion, it is not required to deny a motion to amend under Rule 16(b)).  Id. at 1295.

9            Plaintiff argues that good cause exists because her failure to add the additional party prior

10   to the August 8, 2006 deadline was due to the fact that she was unable to obtain the depositions

11   of key defense witnesses until October, 2006.  Though it is clear that plaintiff's counsel should

12   have probably been more diligent in determining Gig Harbor Ford's status at a much earlier

13   date, the Court cannot conclude that plaintiff merely "sat idle."  Response at p. 4.  Plaintiff has

14   shown just enough diligence to convince this Court that sufficient good cause exists to grant

15   leave to file an amended complaint at this time.  As such, plaintiff's motion for leave to file an

16   amended complaint to add a party defendant is GRANTED.  (Dkt. #33).

17

18           DATED this 2nd day of February, 2007.

19

20                                                    _Robert S. Lasnik_

21                                                    Robert S. Lasnik
                                                     United States District Judge

22

23

24

25

26

ORDER GRANTING LEAVE
TO AMEND COMPLAINT- 2