1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN GARCIA,

           Plaintiff,

     v.

COURTESY FORD, INC., *et al.*,

           Defendants.

Case No.  C06-855RSL

ORDER GRANTING MOTION TO
COMPEL DISCOVERY

16

## I.  Introduction

17     This matter comes before the Court on plaintiff Susan Garcia's motion (Dkt. #47)
18 requesting that the Court compel discovery of purchase disclosure forms, or "kiss sheets," from
19 all Courtesy Auto Group dealerships.  For the reasons set forth in this Order, the Court
20 GRANTS plaintiff's motion to compel discovery.

21

## II.  Background

22     Plaintiff Susan Garcia worked as a Finance and Insurance Manager ("F&I Manager")  at
23 Courtesy Auto Group dealerships from January 1998 to January 2005.  John "Rick" Hern is the
24 president of both of the defendant dealerships, Courtesy Ford, Inc. ("Courtesy Ford") and
25 Courtesy Ford Gig Harbor, Inc. ("Gig Harbor Ford"), as two separate corporations.  Rick Hern

26
27
28 ORDER GRANTING MOTION
TO COMPEL DISCOVERY- 1

owns Courtesy Ford along with his parents, John and Terry Hern.  John Hern is the sole owner of Gig Harbor Ford.

Plaintiff worked at the Courtesy Ford dealership until 2001, when she transferred to the Gig Harbor Ford location.  She had her first child in 2002 and took an 18-week leave of absence under the Family Medical Leave Act ("FMLA") starting that August.  Due to health complications following her pregnancy, plaintiff remained on extended leave until returning to work in February 2003.  She continued in her position as F&I Manager until Graham Denny, the manager of Gig Harbor Ford, informed her over the telephone of her termination on January 14, 2005.  The parties' disagreement over the reasons for plaintiff's termination forms the basis for this suit.

Plaintiff contends that Courtesy management, upon learning around December 2004 either that she was planning to become pregnant with her second child or that she was already pregnant, terminated her before she could take another costly period of FMLA leave.  Defendants respond that plaintiff instead was terminated for her ongoing failure to complete kiss sheets following sales transactions.  Declaration of James Allen, (Dkt. #51), Ex. 4 at pp. 44-45.  Kiss sheets serve two purposes for Courtesy dealerships: first, they provide a record that the F&I Manager discussed the customer's legal rights and options regarding purchase and financing with the customer; and, second, they collect information about advertising and marketing efforts as well as contact information from the customer.

In her First Set of Interrogatories and Requests for Production, plaintiff requested copies of all records relating to any sales transactions at "Courtesy Auto Group, Courtesy Ford, Inc. and/or Gig Harbor Ford, Inc. from 1998 to present" and specifically requested all kiss sheets referred to by John Hern in his deposition.  Declaration of John Crosetto, (Dkt. #48-2) at pp. 30-31.  She also requested the name, address, phone number, current employer, and gender of any Courtesy employee who has completed a kiss sheet since 1998.  Id.

ORDER GRANTING MOTION
TO COMPEL DISCOVERY- 2

1    Counsel complied with the good faith meet and confer requirement of Local Rule

2    37(a)(2), but the parties were unable to resolve their dispute.

### III. Analysis

4    Defendants have produced the kiss sheets from Gig Harbor Ford.  At issue here is

5    whether the discovery of kiss sheets should be compelled from Courtesy Ford or other

6    dealerships operating under the banner of Courtesy Auto Group.  Defendants argue that the kiss

7    sheets from other dealerships are not relevant.[1]  The Court considers plaintiff's motion regarding

8    only Courtesy Ford because plaintiff has presented no arguments for compelling discovery from

9    those third parties.

10    Plaintiff seeks to use missing or incomplete kiss sheets from Courtesy Ford to

11    demonstrate that the defendants' proffered reason for her discharge is pretextual. To prevail on a

12    Title VII disparate treatment claim, under the burden-shifting framework established by

13    McDonnell Douglas Corp. v. Green, 411 U.S. 792, 807 (1973), the plaintiff bears the initial

14    burden of establishing a *prima facie* discrimination case by offering evidence that "give[s] rise to

15    an inference of unlawful discrimination."  Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248,

16    253 (1981).  The defendants must in turn "'articulate' a legitimate non-discriminatory reason"

17    for termination.  Lynn v. Regents of the Univ. of Cal., 656 F.2d 1337, 1341 (9th Cir. 1981)

18    (quoting McDonnell Douglas, 411 U.S. at 807).   Finally, the plaintiff bears the burden of

19    demonstrating that the defendants' "'assigned reason'" for the decision was "a pretext or

20    discriminatory in its application."  Id.  Though the McDonnell Douglas framework shifts the

21    intermediate evidentiary burdens back and forth, "the ultimate burden of persuading the trier of

22    fact that the defendant[s] intentionally discriminated against the plaintiff remains at all times

23    with the plaintiff."  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1063 (9th Cir. 2002)

24

25

26    [1] The Court considered defendants' opposition even though it was late because the Court prefers
to consider a complete record.  However, late submissions may not be considered in the future.

27

28    ORDER GRANTING MOTION
TO COMPEL DISCOVERY- 3

1  (citing <u>Reeves v. Sanderson Plumbing Products</u>, 530 U.S. 133, 143 (2000) (internal citations

2  omitted)).

3       The Federal Rules of Civil Procedure permit liberal discovery of relevant information.

4  <u>See</u> Fed. R. Civ. P. 26(b)(1); <u>Seattle Times, Co. v. Rhinehart</u>, 467 U.S. 20, 34 (1984).  The

5  discovery request need only "appear[] reasonably calculated to lead to the discovery of

6  admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Moreover, courts "often apply more liberal

7  discovery in Title VII and other civil rights cases than in typical civil cases."  <u>Serina v.</u>

8  <u>Albertson's, Inc.</u>, 128 F.R.D. 290 (M.D. Fla. 1989) (citing <u>Sweat v. Miller Brewing Co.</u>, 708

9  F.2d 655, 658 (11th Cir. 1983)).  Because an employer is very unlikely to leave a "paper trail or

10 'smoking gun' attesting to discriminatory intent," a disparate treatment plaintiff must often

11 "cumulatively undercut" defendants' proffered explanation by presenting an accumulation of

12 circumstantial evidence.  <u>Hollander v. Am. Cyanamid Co.</u>, 895 F.2d 80, 85 (2nd Cir. 1990);

13 <u>accord</u> <u>Rosen v. Thornburgh</u>, 928 F.2d 528 (2nd Cir. 1991); <u>see also</u> <u>U.S. Postal Serv. Bd. of</u>

14 <u>Governors v. Aikens</u>, 460 U.S. 711, 716 (1983) ("There will seldom be 'eyewitness' testimony

15 as to the employer's mental processes.").

16      However, to justify the burden imposed by broader discovery on the defendant, a plaintiff

17 must demonstrate a particularized need for information when he or she seeks discovery "from

18 related corporations or even separate units of the same corporation."  <u>Marshall v. Westinghouse</u>

19 <u>Elec. Corp.</u>, 576 F.2d 588, 592 (5th Cir. 1978).  The Ninth Circuit has recognized a need to

20 extend discovery past a Title VII plaintiff's employing unit where an individual plaintiff seeks

21 statistics to demonstrate a pattern of discrimination or disparate treatment to support either her

22 *prima facie* case or her argument that the defendant's articulated reason for the adverse

23 employment decision was pretextual.  <u>See</u> <u>Diaz v. Am. Tel. & Tel.</u>, 752 F.2d 1356, 1362-63 (9th

24 Cir. 1985); <u>accord</u> <u>Guruwaya v. Montgomery Ward, Inc.</u>, 119 F.R.D. 36, 38-39 (N.D. Cal.

25 1988); <u>see also</u> <u>Hollander</u>, 895 F.2d at 83-85.

26

27

28 ORDER GRANTING MOTION
   TO COMPEL DISCOVERY- 4

Although the issue is a close call, the Court has determined that kiss sheets and related statistics from Courtesy Ford should be compelled from defendants.  Plaintiff is bringing a Title VII discrimination claim, the essence of which is an allegation that she was treated less favorably than other employees on the basis of a protected characteristic, in this case sex or pregnancy.  To support her case at the pretext stage, plaintiff reasonably seeks to compare defendants' treatment of her to their treatment of other similarly situated employees.

The extent to which plaintiff was similarly situated to other F&I Managers remains somewhat ambiguous.  The record does not clearly reflect the content of the kiss sheet policy in place at all Courtesy Auto Group dealerships or how the policy compared to the kiss sheet requirements specific to Gig Harbor Ford.  Gig Harbor Ford and Courtesy Ford both use very similar kiss sheets,[2] but defendants claim that Gig Harbor Ford General Manager Graham Denny emphasized kiss sheets in an effort to remedy that dealership's particular problems.  Dkt. #48-2 at pp. 8, 20, 22, 26-27.  Moreover, the exact role played by Rick Hern, President of Gig Harbor Ford and Courtesy Ford, in the decision to terminate plaintiff is still at issue.  Plaintiff contends that Hern had crucial input in the decision, while defendants assert that Denny alone decided to terminate plaintiff and merely informed Hern of his decision.  Based on the current record, it appears that Hern repeatedly consulted with and advised Denny about plaintiff's performance and termination.  Accordingly, evidence that Hern may have influenced plaintiff's termination means that all employment decisions may not have been made solely by Denny at Gig Harbor Ford.  This possibility weighs significantly toward finding F&I Managers at Courtesy Ford similarly situated to plaintiff and compelling discovery of kiss sheets that they completed or statistics regarding their kiss sheet completion rates.  See Scales v. Bradford and Co., 925 F.2d 901, 907 (6th Cir. 1991) (finding that discovery "may be limited to the employing unit" where employment decisions were made locally).

---

[2]The main difference is the particular dealership's post office box and phone number listed at the bottom of the form.  Dkt. #48-2 at p. 7.

ORDER GRANTING MOTION
TO COMPEL DISCOVERY- 5

1       Plaintiff has shown that the additional kiss sheets are relevant for discovery purposes.

2   Plaintiff has also demonstrated a particularized need for the information because her discovery

3   requests may uncover a pattern of retaining employees who, like plaintiff, failed to complete kiss

4   sheets for all transactions but, unlike plaintiff, did not raise the issue of pregnancy-related

5   FMLA leave.  Defendants have not asserted that the production of the kiss sheets would be

6   overly burdensome, and, indeed, the time and expense required to compile the requested

7   information, described by defendants as "dozens of boxes," Dkt. #55 at p. 4, is substantially less

8   than in cases where courts have limited discovery on the basis of burdensomeness.  See, e.g.,

9   Earley v. Champion Int'l Corp., 907 F.2d 1077 (11th Cir. 1990) (finding denial of nationwide

10  discovery request for information on every employee and department of a large corporation for a

11  period of ten years was reasonable).  The additional time created by the recent trial continuance

12  until October 2007 further alleviates defendants' burden.

13      Finally, plaintiff has requested an award of expenses related to bringing her motion to

14  compel, pursuant to Fed. R. Civ. P. 37(a)(4)(A).  The Court denies the request, however,

15  because the parties' dispute over the appropriate scope of discovery here was genuine, and

16  defendants' objection to the discovery request was substantially justified and consistent with

17  their theory of the case.  See Fed. R. Civ. P. 37(a)(4)(A).

18

19

20

21

22

23

24

25

26

27

28  ORDER GRANTING MOTION
    TO COMPEL DISCOVERY- 6

1

**IV.  Conclusion**

2     For the foregoing reasons, the Court finds that the documents sought by plaintiff from

3 Courtesy Ford are relevant, and defendants' compliance with the applicable interrogatory and

4 requests for production should be compelled.  Accordingly, plaintiff's motion to compel

5 discovery (Dkt. #47) is GRANTED.

6

7     DATED this 10th day of May 2007.

8

9

10     Robert S. Lasnik
       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
ORDER GRANTING MOTION
TO COMPEL DISCOVERY- 7